1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FITZGERALD YAP KREDITOR LLP
Eric P. Francisconi (California SBN 172102)
   efrancisconi@fyklaw.com
2 Park Plaza, Suite 850
Irvine, California 92614
Telephone:  (949) 788-8900
Facsimile:   (949) 788-8980

Attorneys for Plaintiff
Hot Pepper, Inc., a California corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOT PEPPER, INC., a California corporation,<br><br>          Plaintiff,<br><br>      v.<br><br>TERRACOM, INC., an Oklahoma corporation; and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No.:   **'19CV0896 CAB MSB**<br><br>**COMPLAINT**<br>   **1. BREACH OF CONTRACT;**<br>   **2. GOODS AND SERVICES RENDERED;**<br>   **3. OPEN BOOK ACCOUNT;**<br>   **4. ACCOUNT STATED; AND**<br>   **5. UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date: None Set |

Plaintiff Hot Pepper, Inc., a California corporation ("Hot Pepper" or "Plaintiff"), by and through its undersigned counsel, alleges as follows as against defendant TerraCom, Inc., an Oklahoma corporation ("TerraCom") and DOES 1 through 50, inclusive (collectively "Defendants"):

## NATURE OF THE ACTION

1.   This action is a collections action seeking the payment of monies owed for products provided by Hot Pepper to Defendants pursuant to a written contract.

## PARTIES

2.   At all times herein mentioned, Hot Pepper was and is a California corporation with its principal place of business at 5151 California Avenue, Suite 100, Irvine, California 92617.

3.   At all times herein mentioned, TerraCom was and is an Oklahoma corporation with its principal place of business at 745 East Main Street, Chattanooga, Tennessee 37408.

4.   Plaintiff is ignorant as to the true names and capacities of the defendants sued herein as DOES l through 50, inclusive, and therefore sues them under such fictitious names. When the true names and capacities of DOES 1 through 50, inclusive, are ascertained, Plaintiff will seek leave to amend this Complaint to allege such true names and capacities.

5.   At all times herein mentioned, each of the Defendants were acting as the agents, servants or employees of each of the other Defendants, and were in some manner responsible for the harm Hot Pepper has incurred.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over Hot Pepper's claim for breach of contract pursuant to 28 U.S.C. § 1331 in that the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.   This Court has supplemental or pendant jurisdiction over Hot Pepper's remaining claims pursuant to 28 U.S.C. § 1367 because such claims are so related to Hot Pepper's claim that they form part of the same case or controversy under Article III of the United States Constitution

8.   This Court has personal jurisdiction over TerraCom in that the contract in controversy was to be performed in this jurisdiction, and the parties agreed within Section 16.15 of the contract in controversy that any action, litigation, or proceeding pertaining to that contract must be brought in the Southern District of California.

9.   Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within this judicial district.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract against all Defendants)**

10. Hot Pepper realleges each of the above paragraphs of this Complaint as though fully set forth herein.

11. On or about March 1, 2018, TerraCom and DOES 1 through 50, inclusive on the one hand (collectively the "Contract Defendants") and Hot Pepper on the other hand entered into a written Hot Pepper Sales Agreement, a true and correct copy of which is attached hereto as **Exhibit 1** (the "Sales Agreement"), through which Hot Pepper would sell to Contract Defendants mobile phone handsets, packaged with specific SKUs and labeling for TerraCom and pre-loaded with TerraCom's applications, and mobile phone related products for TerraCom's sale to subscribers on its mobile network. Hot Pepper also would, *inter alia*, provide account support and service support to Contract Defendants. The amount of the product to be shipped and

the price to be paid for the product under the Sales Agreement would be determined by the Contract Defendant's subsequent purchase orders, which Hot Pepper had the right to accept or reject in Hot Pepper's sole discretion.

12. Pursuant to its terms, the Sales Agreement is to be construed in accordance with the law of the State of California.

13. In order to create the specialized goods pursuant to the Sales Agreement, Hot Pepper was required to establish specific procedures and tooling for production, buy and manufacture specialized parts, and create goods that could not be readily sold to other potential buyers without modifications.

14. Pursuant to the Sales Agreement and in response to purchase orders issued by Contract Defendants, Hot Pepper began creating the specialized product for Contract Defendants, and began delivering said product to Contract Defendants in November 2018. But beginning in January 2019, despite Hot Pepper's demand for payment, Contract Defendants stopped paying for the product Contract Defendants had received. Currently, Contract Defendants have received $554,000.00 in goods for which Contract Defendants have not paid, and Hot Pepper has commenced production of another $411,000.00 in specialized goods requested by Contract Defendants.

15. Hot Pepper has performed all of its obligations under the Sales Agreement, except for any obligations it has been absolved of performing by Contract Defendants' breach.

16. The Contract Defendants breached the Sales Agreement by failing to pay Hot Pepper the amounts required under the Sales Agreement, causing Hot Pepper to suffer damages of no less than $965,000.00.

## SECOND CAUSE OF ACTION

### (Goods and Services Rendered against all Defendants)

17.  Hot Pepper realleges each of the above paragraphs of this Complaint as though fully set forth herein.

18.  TerraCom and DOES 1 through 50, inclusive owe Hot Pepper money for goods that said Defendants had requested Hot Pepper to deliver for said Defendants' benefit, that Hot Pepper shipped to and/or manufactured for said Defendants, and for which said Defendants have not paid.

19.  At all times herein mentioned, the reasonable value of the goods for which said Defendants have not paid are worth not less than $965,000.00.

20.  No part of the above sum has been paid, notwithstanding that Hot Pepper has demanded payment therefore, and there is now due, owing and unpaid that sum, from said Defendants to Hot Pepper, together with interest thereon at the rate of ten percent (10%) per annum.

## THIRD CAUSE OF ACTION

### (Open Book Account against all Defendants)

21.  Hot Pepper realleges each of the above paragraphs of this Complaint as though fully set forth herein.

22.  TerraCom and DOES 1 through 50, inclusive became indebted to Hot Pepper on an open book account at the date of this Complaint for an amount not less than $965,000, which amount continues to accrue, for goods created and/or shipped on behalf of said Defendants at said Defendants' special insistence and request, and for which said Defendants agreed to pay such sum to Hot Pepper.

23.  No part of the above sum has been paid, notwithstanding that Hot Pepper has demanded payment therefore, and there is now due, owing and unpaid that sum, from said Defendants to Hot Pepper, together with interest thereon at the rate of ten percent (10%) per annum.

## FOURTH CAUSE OF ACTION

### (Account Stated against all Defendants)

24.  Hot Pepper realleges each of the above paragraphs of this Complaint as though fully set forth herein.

25.  An account was stated in writing by and between Hot Pepper and TerraCom and DOES 1 through 50, inclusive and on such statement a balance of $965,000.00 was found due to Hot Pepper from said Defendants. Said Defendants agreed to pay to Hot Pepper said balance.

26.  No part of the above sum has been paid, notwithstanding that Hot Pepper has demanded payment therefore, and there is now due, owing and unpaid that sum, from said Defendants to Hot Pepper, together with interest thereon at the rate of ten percent (10%) per annum.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment and Constructive Trust against all Defendants)

27. Hot Pepper realleges each of the above paragraphs of this Complaint as though fully set forth herein.

28. TerraCom and DOES 1 through 50, inclusive have received goods prepared on their behalf by Hot Pepper for which they have not paid.

29. The Court should enter an order requiring said Defendants to pay to Hot Pepper the agreed-upon value of the goods said Defendants have received, lest said Defendants be unjustly enriched.

30. Hot Pepper is informed and believes and, on that basis, alleges that said Defendants have re-sold some or all of the goods it has received from Hot Pepper. Hot Pepper is entitled to the imposition of a constructive trust over the benefits that said Defendants, and any of them, derived from their sale of the goods.

WHEREFORE, Hot Pepper requests judgment as follows:

First Cause of Action:

1.   General damages of no less than $965,000.00;

Second Cause of Action:

2.   General damages of no less than $965,000.00;

3.   Interest thereon at the rate of ten percent (10%) per annum;

Third Cause of Action:

4.   General damages of no less than $965,000.00;

5.   Interest thereon at the rate of ten percent (10%) per annum;

Fourth Cause of Action:

6.   General damages of no less than $965,000.00;

7.   Interest thereon at the rate of ten percent (10%) per annum;

Fifth Cause of Action:

8.   An order requiring said Defendants to pay to Hot Pepper the agreed-upon value of the goods said Defendants have received, lest said Defendants be unjustly enriched;

9.   The imposition of a constructive trust over the benefits that said Defendants, and any of them, derived from their sale of the goods;

All Causes of Action:

10.  For all costs attendant to this action; and

11.  For such other and further relief as this Court deems just and proper.


DATED:   May 13, 2019                    FITZGERALD YAP KREDITOR LLP


                                         ___/s Eric P. Francisconi_____
                                         Eric P. Francisconi
                                         Attorneys for Plaintiff Hot Pepper, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Hot Pepper, Inc. demands a jury trial in the above-captioned action.

DATED:   May 13, 2019                    FITZGERALD YAP KREDITOR LLP


                                          ___/s Eric P. Francisconi_____
                                          Eric P. Francisconi
                                          Attorneys for Plaintiff Hot Pepper, Inc.