S. Todd Neal (Bar No. 174827)
E-mail: todd.neal@procopio.com
Alex G. Brizolis (Bar No. 259634)
E-mail: alex.brizolis@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant
TerraCom, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOT PEPPER, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TERRACOM, INC., an Oklahoma corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 3:19-cv-00896-CAB-MSB<br><br>Hon. Cathy Ann Bencivengo<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: May 13, 2019 |

Defendant TerraCom, Inc. ("TerraCom") answers the Complaint of Plaintiff Hot Pepper, Inc. ("Hot Pepper") dated May 13, 2019 and states as follows:

## NATURE OF THE ACTION

1. The allegations in Paragraph 1 of Hot Pepper's Complaint call for legal conclusions and thus do not require a response; on that basis, TerraCom denies the allegations in Paragraph 1 of the Complaint.

## PARTIES

2. On information and belief, TerraCom admits the allegations in Paragraph 2 of Hot Pepper's Complaint.

3. TerraCom admits the allegations set forth in Paragraph 3 of Hot Pepper's Complaint.

4. TerraCom denies the allegations set forth in Paragraph 4 of Hot Pepper's Complaint.

5. TerraCom denies the allegations set forth in Paragraph 5 of Hot Pepper's Complaint.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of Hot Pepper's Complaint call for legal conclusions and thus do not require a response; on that basis, TerraCom denies the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of Hot Pepper's Complaint call for legal conclusions and thus do not require a response; on that basis, TerraCom denies the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of Hot Pepper's Complaint call for legal conclusions and thus do not require a response; on that basis, TerraCom denies the allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of Hot Pepper's Complaint call for legal conclusions and thus do not require a response; on that basis, TerraCom denies the

allegations in Paragraph 9 of the Complaint.

## FIRST CAUSE OF ACTION

**(Breach of Contract against all Defendants)**

10. TerraCom incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

11. TerraCom admits the allegations in Paragraph 11 of Hot Pepper's Complaint, except denies that a true and correct copy of the Sales Agreement is attached to the Complaint and that the price to be paid for the product under the Sales Agreement would be determined by TerraCom's purchase orders.

12. TerraCom admits the allegations set forth in Paragraph 12 of Hot Pepper's Complaint.

13. TerraCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Hot Pepper's Complaint.

14. TerraCom denies the allegations set forth in Paragraph 14 of Hot Pepper's Complaint.

15. TerraCom denies the allegations set forth in Paragraph 15 of Hot Pepper's Complaint.

16. TerraCom denies the allegations set forth in Paragraph 16 of Hot Pepper's Complaint.

## SECOND CAUSE OF ACTION

**(Goods and Services Rendered against all Defendants)**

17. TerraCom incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

18. TerraCom denies the allegations set forth in Paragraph 18 of Hot Pepper's Complaint, except admits that Hot Pepper delivered certain goods to TerraCom's warehouses for distribution to TerraCom's customers pursuant to the terms of the parties' Services Agreement for which TerraCom has yet to be invoiced.

DOCS 127823-000001/3672855.1

19. TerraCom denies the allegations set forth in Paragraph 19 of Hot Pepper's Complaint.

20. TerraCom denies the allegations set forth in Paragraph 20 of Hot Pepper's Complaint.

### THIRD CAUSE OF ACTION

**(Open Book Account against all Defendants)**

21. TerraCom incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

22. TerraCom denies the allegations set forth in Paragraph 22 of Hot Pepper's Complaint.

23. TerraCom denies the allegations set forth in Paragraph 23 of Hot Pepper's Complaint.

### FOURTH CAUSE OF ACTION

**(Account Stated against all Defendants)**

24. TerraCom incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

25. TerraCom denies the allegations set forth in Paragraph 25 of Hot Pepper's Complaint.

26. TerraCom denies the allegations set forth in Paragraph 26 of Hot Pepper's Complaint.

### FIFTH CAUSE OF ACTION

**(Unjust Enrichment and Constructive Trust against all Defendants)**

27. TerraCom incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

28. TerraCom denies the allegations set forth in Paragraph 28 of Hot Pepper's Complaint, except admits that Hot Pepper delivered certain goods to TerraCom's warehouses for distribution to TerraCom's customers pursuant to the

terms of the parties' Services Agreement for which TerraCom has yet to be invoiced.

29.     TerraCom denies the allegations set forth in Paragraph 29 of Hot Pepper's Complaint.

30.     TerraCom denies the allegations set forth in Paragraph 30 of Hot Pepper's Complaint, except admits that Hot Pepper delivered certain goods to TerraCom's warehouses for distribution to TerraCom's customers pursuant to the terms of the parties' Services Agreement for which TerraCom has yet to be invoiced.

## PRAYER FOR RELIEF

TerraCom denies the allegations in the Prayer for Relief of Hot Pepper's Complaint and the "Wherefore" paragraphs (1 through 11) to the extent that a response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

Hot Pepper's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against TerraCom.

### Second Affirmative Defense

### (Waiver)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part by the doctrine of waiver in that Hot Pepper and Hot Pepper's agents and/or representatives have voluntarily, knowingly, contractually and/or statutorily waived and/or released some or all rights, claims and causes of action against TerraCom.

### Third Affirmative Defense

### (Ratification)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part by the doctrine of ratification.

### Fourth Affirmative Defense

### (Consent)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part because Hot Pepper consented to and approved all of the acts and omissions about which Hot Pepper now complains.

### Fifth Affirmative Defense

### (Unclean Hands)

By virtue of Hot Pepper's unlawful, immoral, careless, negligent and other unlawful conduct, Hot Pepper is barred in whole or in part from recovery against TerraCom by the equitable doctrine of "unclean hands" and of *in pari delicto*.

### Sixth Affirmative Defense

### (Force Majeure)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part as a result of force majeure, including but not limited to, the Federal Communication Commission's Order, *In the Matter of Lifeline and Link Up Reform and Modernization et al., WC Dkt. Nos. 11-42, 09-0197, Third Report and Order, Further Report and Order, and Order on Reconsideration*, FCC 16-38 (rel. April 27, 2016), which could not have been prevented by the exercise of reasonable prudence, diligence, or care.

### Seventh Affirmative Defense

### (Commercial Impracticability)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part because TerraCom's performance would be commercially impracticable by reason of an extreme and unreasonable, unanticipated difficulty and/or substantial unforeseen cost increases and not mere inconvenience or added expense.

## Eight Affirmative Defense

### (Intervening or Superseding Cause)

To the extent Hot Pepper suffered any damage, which TerraCom denies, then any such damage was proximately caused by the intervening and superseding actions of others, which bar Hot Pepper's recovery, if any, against TerraCom.

## Ninth Affirmative Defense

### (Excuse from Performance)

To the extent an actionable agreement, covenant, or contract exists or is established, any duty or performance of TerraCom is excused by reason of breach of and/or failure to satisfy condition precedent, impossibility of performance, prevention by Hot Pepper, frustration of purpose, anticipatory breach, and/or acceptance by Hot Pepper.

## Tenth Affirmative Defense

### (Novation)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part by reason of novation in that the parties' Services Agreement was intended to cancel and supersede the alleged contract.

## Eleventh Affirmative Defense

### (Accord and Satisfaction)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part under the doctrine of accord and satisfaction because Hot Pepper agreed to accept, as complete satisfaction of the alleged contract, performance different from that originally due under the alleged contract.

## Twelfth Affirmative Defense

### (Repudiation)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part on the ground that Hot Pepper repudiated the alleged

contract and therefore released TerraCom of all duties under the alleged contract.

## Thirteenth Affirmative Defense

### (Good Fait Pursuit of Legitimate Business Objectives)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part because the actions of TerraCom were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper, and justified means to accomplish legitimate business objectives.

## Fourteenth Affirmative Defense

### (Unjust Enrichment)

Hot Pepper's claims are barred because they seek excessive damages from TerraCom that would result in Hot Pepper's unjust enrichment.

## Fifteenth Affirmative Defense

### (Improper Venue)

Hot Pepper's Complaint, and each and every cause of action contained therein, should be dismissed or transferred pursuant to 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a) because, among other things, Hot Pepper and TerraCom entered into a subsequent Services Agreement, which was intended to supersede the alleged contract, and contains a forum selection clause providing for exclusive venue in the City of Chattanooga, County of Hamilton, Tennessee.

## Sixteenth Affirmative Defense

### (Failure to Mitigate Damages)

Hot Pepper failed, neglected and refused to mitigate its alleged damages and therefore is barred from recovery or, alternatively, its recovery must be reduced to the extent of its failure to mitigate. TerraCom is informed and believes, and on that basis alleges, that if Hot Pepper had undertaken to mitigate its alleged damages, then it would have suffered no damages whatsoever.


### Seventeenth Affirmative Defense

### (Privilege)

At all times, TerraCom's conduct was lawful and privileged.

### Eighteenth Affirmative Defense

### (Estoppel)

Hot Pepper's Complaint, and each and every cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

### Nineteenth Affirmative Defense

### (Additional Defenses)

TerraCom reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

For these reasons, TerraCom asks the Court to enter judgment that Hot Pepper take nothing, dismiss Hot Pepper's Complaint with prejudice, assess costs against Hot Pepper, adjudge TerraCom the prevailing party, and award TerraCom all further relief the Court deems appropriate.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and CivLR 38.1, TerraCom requests a trial by jury on all claims and issues raised in Hot Pepper's Complaint which are so triable.

DATED: June 19, 2019

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *s/ Alex G. Brizolis*
S. Todd Neal
Alex G. Brizolis
Attorneys for Defendant
TerraCom, Inc.
Email: alex.brizolis@procopio.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, June 19, 2019, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

*s/ Alex G. Brizolis*
Alex G. Brizolis